IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROGER HARRY OLSON, II                  §
(BOP Register No. 49151-177),          §
                                       §
          Movant,                      §
                                       §
V.                                     §          No. 3:18-cv-1530-N-BN
                                       §
UNITED STATES OF AMERICA,              §
                                       §
          Respondent.                  §

## ORDER TO SHOW CAUSE REGARDING LIMITATIONS

Movant Roger Harry Olson, II, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. *See* Dkt. No. 1. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. As explained below, Olson's Section 2255 motion appears to be barred by the applicable statute of limitations. He is thus ORDERED to show cause in writing why his motion should not be summarily dismissed as time-barred. His response is due no later than **July 16, 2018**.

### Applicable Background

Olson pleaded guilty to two controlled substance offenses and was sentenced to 180 months of imprisonment, to be served consecutively with any sentence imposed in his parallel state proceedings. *See United States v. Olson*, No. 3:15-cr-29-N (1) (N.D. Tex.), Dkt. No. 65. The United States Court of Appeals for the Fifth Circuit affirmed

Olson's conviction and sentence on February 20, 2017. *See United States v. Olson*, 849 F.3d 230 (5th Cir. 2017). He did not seek review in the United States Supreme Court.

Olson avers that he deposited his Section 2255 motion in the prison mail for filing on June 12, 2018. *See* Dkt. No. 2 at 34; *but see* Dkt. No. 1 at 14 (packaging that shows that Olson's Section 2255 motion was, in fact, mailed via Fed-Ex Express from 2701 Mall Drive Suite 7 in Florence, Alabama). Even if Olson's Section 2255 motion is deemed filed on that date – crediting his declaration and so applying the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270-71 (1988) – his motion is still untimely.

### Legal Standards

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996) (the "AEDPA"), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs*, 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in

-3-

the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

Olson's conviction became final on May 21, 2017 – the date on which his time to file a petition for a writ of certiorari expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). And his AEDPA statute of limitations expired one year later, on May 21, 2018. His Section 2255 motion – which was mailed on June 12, 2018, and received on June 13, 2018 – appears to be time-barred.

This order is entered to provide Olson notice as to the time-bar issue and afford him an opportunity to explain to the Court his position as to that issue. *See Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) ("'before acting on its own

initiative' to dismiss an apparently untimely [Section 2255 motion] as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions'" (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original)); *see Sosa-Saucedo v. United States*, No. 6:09-cv-491, 2011 WL 336456 (E.D. Tex. Jan. 31, 2011) (applying *Day* to Section 2255 motions).

    SO ORDERED: June 15, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE