IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Roger Harry Olson, II, | § |
| Movant, | § |
| v. | § |
| United States of America, | § |
| Respondent. | §   Civ. #3:18-cv-1530-N-BN |

**MOVANT'S OBJECTIONS TO THE MAGISTRATE'S**
**REPORT AND RECOMMENDATION**

COMES NOW, Roger Olson, II, Movant/Petitioner, acting pro se and respectfully submits his objections to the Magistrate's findings conclusions, and recommendation (herein "'Report' and Recommendation"), that Movant's motion to vacate should be "dismiss[ed]" as "time-barred." Report, p. 12. In support thereof Movant states the following.

1. Although the Magistrate correctly generalizes the background of the case, he misconstrued the facts and incorrectly concluded that Movant "seems to admit that the record may only support negligent conduct" on behalf of ALERT.[1] Report, p. 11. Movant objects.

In no manner does Movant concede or suggest that the record demonstrates solely negligence on the part of ALERT. In fact, Movant contends, the record is replete with instances of

---

1. ALERT - American Leading Edge Research Team - is the legal services firm whose egregious and intentionally deceitful conduct is at the heart of this case.

1

ALERT's intentionally deceitful misrepresentations and Movant's entire reliance thereon. For instance.

    (a) ALERT falsely representing themselves to Movant and Movant's father as expert attorneys and paralegals (Response to Show Cause Order (herein "Response"), p. 2), when in fact they are not. Id., at pp. 4-5, ¶ 10 (describing how ALERT inadvertently conceded/admitted — for the first time — that they are merely a typing service).

    (b) ALERT dodging frantic messages from Movant and Movant's father (Response, pp. 3-4, ¶¶ 4-5); falsely assuring Movant that the petition would be timely if filed up to and by June 14, 2018 (Response, p. 4, ¶ 6); and, conceding that they (ALERT) were responsible for the late filing. Response, p. 4, ¶ 9.

    (c) ALERT forwarding it's proposed response to the Court's show cause order for Movant to file which unethically failed to mention the deceitful conduct and misrepresentations of ALERT in addition to, as mentioned above, attempting to mislead the Court regarding their representations to Movant and Movant's father of being a firm of attorneys and paralegals, rather than a typing service. Response, p. 4, ¶ 10.

    2. The Magistrate's report incorrectly concludes that Movant, at "the most," has only shown that ALERT was negligent in its timeliness calculation. See, Report, p. 8. Movant objects.

    Replete in the record are undisputed facts that show (i) deceit on ALERT's part that attorneys who win "large judgment[s]," e.g., one, "George Carlton," were handling Movant's case and would be writing Movant's briefs, and (ii) Movant's reliance on those

false and deceitful misrepresentations (i.e., the guiding hand of an attorney) that underlie ALERT's miscalculations of AEDPA's gate-keeping principles. Response, p. 5.

3. The Magistrate erroneously believes that this case turns on the question of attorney error and the lack of entitlement to counsel on collateral attack. Report, p. 9. Movant objects.

The question at bar turns on whether the facts — i.e., ALERT's intentional deceptions and Movant's reasonable reliance thereon warrant equitable tolling. Response, p. 6 (citing, **United States v. Wynn**, 292 F.3d 226, 230-31 (5th Cir. 2002)).

### CONCLUSION AND RELIEF SOUGHT

Premises considered and for good cause shown Movant humbly seeks the Court apply the correct test for equitable tolling per, **Wynn, supra,** and thereupon find that, as shown by the record, Movant's reasonable reliance on ALERT's intentional deceptions indeed warrant equitable tolling. Or, alternatively, to remand for a hearing in order for the Court to hear from the players firsthand — i.e., Tom Green, Alexa Wade, George Carlton, Riley Mason, and Movant's father — prior to making its decision. Response, p. 7 (citing, **Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000)** (remanding to determine whether the petitioner can establish facts in support of his tolling allegations)).

Movant prays for the relief he seeks. Respectfully submitted:

Dated: *8 November 2018*       *Roger H. Olson II*
                               Roger Harry Olson, II
                               Reg. #49151-177
                               FCI-1 Oakdale (Allen 2)
                               P.O. Box 5000
                               Oakdale, LA 71463

3

**CERTIFICATE OF SERVICE**

I, Roger Harry Olson, II, hereby certify and swear under penalty of perjury, 28 U.S.C. § 1746, that I have forwarded one (1) original and two (2) copies of the foregoing, "Objections" to the Magistrate's Report and Recommendation, to the Clerk of the Court, U.S. District Court, Northern District of Texas, Dallas Division, 1100 Commerce St., Rm 1452, Dallas, TX, 75242, by depositing the same in the designated receptacle for outgoing legal mail at my prison of confinement, first-class poatage prepaid, on this 8th day of November, 2018.

Roger Harry Olson, II

Roger Harry Olson, II
Reg. No. 49151-177
FCI Oakdale I
Federal Correctional Institution
P.O. Box 5000
Oakdale, LA 71463



8 November, 2018


Clerk of Court
U.S. District Court
Northern District of Texas
Dallas Division
1100 Commerce Street, Room 1452
Dallas, TX 75242

RE: Olson v. United States
    Civil No. 3:18-cv-1530-N-BN

Dear Clerk of Court:

Enclosed please find one (1) original and two (2) copies of my "Objections to the Magistrate's Report and Recommendation" for filing with the court. Also enclosed is an extra front page for you to stamp and return for my files (self addresswed stamped envelope enclosed for your convenience.)

Sincerely,

*Roger Harry Olson II*
Roger Harry Olson, II
Apprearing Pro Se

ger Olson II
9151-177 Oakdale I
deral Correctional Instution
). Box 5000
kdale, LA 71463
ited States

Case 3:18-cv-01530-N-BN   Document 9   Filed 11/15/18   Page 6 of 6



⇨49151-177
Clerk Of The District Court
U.S. District Court
Northern District of Texas
1100 Commerce St, Rm 1452
Dallas
United States