IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 1 2018

CLERK, U.S. DISTRICT COURT
By _____ SVL
Deputy

ROGER HARRY OLSON, II,

     Movant,

V.

UNITED STATES OF AMERICA,

     Respondent.

No. 3:18-cv-1530-N

---

## MOTION FOR RELIEF FROM A FINAL JUDGMENT

COMES NOW, the Movant, Roger Harry Olson, II, In Forma Pauperis and Pro Se form, pursuant to the Federal Rule of Civil Procedure 60(b)(6), and respectfully requests for this Honorable Court to reconsider the manner in which it ajudicated the merits of the above action. In support thereof, the Movant avers as follows:

### A. Applicable Background

1. On September 25th, 2015, after the denial of a motion to suppress, the Movant, pleaded guilty, unconditionally, to two controlled substance offenses and was sentenced to 180 months of imprisonment, to be served consecutively with any sentence imposed in his parallel state proceedings. See United States v. Olson, No. 3:15-cr-29-N (1) (N.D. Tex.), Dkt. No. 46 and 65. The United States Court of Appeals for the Fifth Circuit affirmed the Movant's conviction and sentence on February 20th, 2017. See United States v. Olson, 849 F.3d 230 (5th Cir. 2017)(per curiam). He did not seek review in the United States Supreme Court.

2. On June 12th, 2018, the Movant filed an untimely § 2255 motion to vacate, set aside, or correct his federal sentence. See Dkt. Nos. 1 & 2, in the above civil case. This Court ordered the

Movant to show cause in writing why his motion should not be summarily dismissed as time-barred. See Dkt. No. 4. The Movant responded by arguing that he was deliberately deceived by American Leading Edge Research Team (ALERT) as to the representation he will receive and the timeliness of the motion to vacate. For that matter, the Movant contended that extraordinary circumstances existed which warranted tolling of one-year statute of limitations found in 28 U.S.C. § 2255(f), pursuant to United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002).

3. On or about September 26th, 2018, a Magistrate Judge recommended that the Movant's § 2255 motion be dismissed as time-barred. See Dkt. No. 6. In support thereof, the Magistrate Judge found that ALERT was negligent in calculating the date that the § 2255 motion was due to be filed. Id. at 8. For that matter, the Magistrate Judge pointed to the Court's holding in Cousin v. Lensing, 310 F.3d 843, 848-49 (5th Cir. 2002), for the proposition that mere attorney error or neglect is not an extraordinary circumstance warranting equitable tolling. Id.

4. On November 19th, 2018, this Honorable Court adopted the Magistrate Judge's findings, conclusions, and recommendation, and entered a judgment dismissing the § 2255 motion as time-barred. See Dkt. Nos. 9 and 10. It is from this judgment that the Movant seeks relief.

## B. ARGUMENT AND AUTHORITIES

I. Standard of Review:

The United States Court of Appeals for the Fifth Circuit reviews a denial of a Rule 60(b) motion for abuse of discretion. Diaz v. Stephens, 731 F.3d 370, 374 (5th Cir. 2013). Under this

standard, "[i]t is not enough that the granting of relief might have been permissible, or even warranted[-]denial must have been so unwarranted as to constitute an abuse of discretion." Id. (quoting Seven Elves, Inc., v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981)).

II. Argument:

> THE MOVANT'S § 2255 MOTION UNTIMELYNESS SHOULD BE EXCUSED AS A PROCEDURAL DEFAULT UNDER Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), and Trevino v. Thaler, 569 U.S. 413, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013).

Rule 60(b) provides generally that the court may relive a party from a final judgment, order, or proceeding in the event of obvious error such as mistake or inadvertence, newly discovered evidence, or fraud. See Fed. R. Civ. P. 60(b)(1)-(3). Rule 60(b)(6), often referred to as the "catchall" provision, also permits the court to relieve a party from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Fith Circuit has cautioned, however, that "[t]he desire for a judicial process that is predictable mandates caution in reopening judgments." Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir. 1998)(quoting Bailey v. Ryan Stevedoring Co., 894 F.2d 157, 160 (5th Cir. 1990)). Accordingly, relief under Rule 60(b)(6) is only appropriate upon a showing of "extraordinary circumstances." Rocha v. Thaler, 619 F.3d 387, 400 (5th Cir. 2010). The Supreme Court has stated that "[s]uch circumstances will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). furthermore, a change in decisional law does not, on its own, constitute an "extraordinary circumstance"

warranting relief from judgment. Adams v. Thaler, 679 F.3d 312,

319 (5th Cir. 2012)(citing Bailey, 894 F.2d at 160); see also

Gonzalez, 545 U.S. at 536. "[T]his rule applies with equal force

in habeas proceedings under the Antiterrorism and Effective Death

Penalty Act ("AEDPA")." Adams, 679 F.3d at 320 (internal quotations

omitted).

In Buck v. Davis, the Supreme Court explained that in

determining whether a petitioner has demonstrated "extraordinary

circumstances," courts may consider a "wide range of factors,"

which may include "the risk of injustice to the parties' and

'the risk of undermining the public's confidence in the judicial

process.'" 137 S. Ct. 759, 778, 197 L. Ed. 2d 1 (2017)(quoting

Liljeberg v. Health Services Acquistion Corp., 486 U.S. 847, 864,

108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988)). The Fifth Circuit

has articulated a number of equitable factors relevant to the Rule

60(b) inquiry:

> (1) That final judgments should not lightly be disturbed;
> (2) that the Rule 60(b) motion is not to be used as a
> substitue for appeal; (3) that the rule should be liberally
> construed in order to achieve substantial justice; (4)
> whether the motion was made within a reasonable time; (5)
> whether if the judgment was a default or a dismissal in
> which there was no consideration of the merits, the interest
> in deciding cases on the merits outweighs, in the particular
> case, the interest in the finality of judgments, and there
> is merit in the movant's claim or defense; (6) whether
> if the judgment was rendered after a trial on the merits
> the movant had a fair opportunity to present his claim or
> defense; (7) whether there are intervening equities that
> would make it ineuitable to grant relief; and (8) any other
> factors relevant to the justice of the judgment under attack.
> Seven Elves, 635 F.2d at 402. Though we have never explicitly
> held that the "Seven Elves factors" bear on the extraordinary
> circumstances analysis under Rule 60(b)(6) specifically, we
> have used them as a guide in evaluating the strength of a
> motion brought pursuant to Rule 60(b)(6). See, e.g., Diaz,
> 731 F.3d at 377 (stating that "[w]e will assume arguendo
> that Seven Elves may have some application in the Rule 60

(b)(6) context"); Matter of Al Copeland Enters., Inc., 153
F.3d 268, 272 (5th Cir. 1998)(noting that several Seven
Elves factors weighed in favor of sustaining the lower
court's grant of the party's Rule 60(b)(6) motion).

The Fifth Circuit has recognized, however, that "in the
context of habeas law, comity and federalism elevate the concerns
of finality, rendering the 60(b)(6) bar even more daunting." Diaz,
731 F.3d at 376 n.1. Furthermore, while the viability of a
petitioner's underlying constitutional claim may be tangentially
relevant to the Rule 60(b) analysis, see, e.g., Buck, 137 S. Ct.
at 778, the Rule may not be used to attack "the substance of the
federal court's resolution of a claim on the merits." Gonzalez,
545 U.S. at 532 (emphasis added by the Court); see also Adams, 679
F.3d at 319. Such motions constitute improper successive habeas
petitions under AEDPA. Id. Instead, Rule 60(b) motions must allege
"some defect in the integrity of the federal habeas proceedings,"
Gonzalez, 545 U.S. at 532, and may challenge only erroneous rulings
"which precluded a merits determination[-]for example, a denial
for such reasons as failure to exhaust, procedural default, or
statute-of-limitations bar," id. at n. 4.

In adopting the Magistrate Judge's findings, conclusions, and
recommendation, this Honorable Court found that ALERT was negligent
in calculating the date that the § 2255 motion was to be filed. As
such, "[m]ere attorney error or neglect is not an extraordinary
circumstance warranting equitable tolling." Cousin, supra. In that
vein, this Court pointed to the Court's holding in United States v.
Riggs, 314 F.3d 796, 799 (5th Cir. 2003), that equitable tolling was
not warranted where the movant's attorney gave him incorrect legal
advice regarding the time for filing a 28 U.S.C. § 2255 motion.

Although the Movant has no constitutional right to the assistance of counsel in collateral review proceedings, see e.g., <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987), the Court in <u>Martinez</u> held that "to protect prisoners with potentially legitimate ineffective-assistance claim, it is necessary to recognize a narrow exception to [<u>Coleman v. Thompson</u>, 501 U.S. 722, 732, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)] unqualified statement that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default, namely, that inadequate assistance of counsel at initial-review collateral proceedings may establish cause." <u>Id</u>. at 182 L. Ed. 2d, at 282-288.

Clearly, the record before this Honorable Court is sufficiently developed to demonstrate that ALERT's performance in this cause was inadequate. Therefore, the question of whether the untimelyness of his § 2255 my be excused turns on whether the Movant has a legitimate ineffective-assistance of trial counsel claim. It is respectfully posited that he does.

Although the Movant did not raise his ineffective claim in the untimely § 2255 motion, there is no bar to amending the motion pursuant to Fed. R. Civ. P. 15(a)(1) to include the claim that:

**MR. OLSON'S COUNSEL WAS INEFFECTIVE FOR FAILING TO INFORM MR. OLSON THAT BY PLEADING GUILTY HE WAIVES HIS RIGHT TO CHALLENGE ANY NONJURISDICTIONAL DEFECTS IN THE PROCEEDINGS.**

The record before this Court reflects that a motion to suppress was filed and denied by this Court. See Dkt. No. 28 and 39 (Criminal case). Also, that after the denial, the movant entered a guilty

-6-

plea unconditionally . Criminal Dkt. No.46. As the Fifth Circuit
stated:

> The parties did not enter into a written plea agreement.
> Moreover, the record contains no suggestion that Olson
> intended to plead guilty conditionally, that he expressed
> an intent to appeal the suppression ruling, or that the
> government and the court assented to a conditional plea.
> Finally, Olson does not contend, and it is not apparent
> from the transcript of his rearraignment hearing, that
> his plea was involuntary. By entering a voluntary,
> unconditional plea of guilty, he therefore waived the
> right to challenge the denial of the motion to suppress.

United States v. Olson, 849 F.3d 231 (5th Cir. 2017)(per curiam).

As such, a defendant's knowing and voluntary guilty plea
waives all nonjurisdictional defects in the proceedings. Duhart v.
United States, 556 F. App'x 897, 898 (11th Cir. 2014). However,
a defendant can still maintain an attack on the voluntary and
knowing nature of the guilty plea itself. Such an attack can be
based upon ineffective assistance of counsel claims that go to the
knowing and voluntary nature of the plea. Id.

To prevail on a claim of ineffective assistance of counsel,
a defendant must establish two things: (1)"counsel's performance
was deficient," meaning it "fell below an objective standard of
reasonableness," and (2)"the deficient performance prejudiced the
defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
To satisfy the deficient-performance prong, the defendant must
show that counsel made errors so serious that he was not function-
ing as the counsel guaranteed by the Sixth Amendment. Id. at 687.
The defendant must rebut the strong presumption that his counsel's
conduct fell within the range of reasonable professional assistance.
Id. at 689.

In Hill v. Lockhart, 474 U.S. 52, 58 (1985), the Supreme Court

-7-

held that "the two part <u>Strickland v. Washington</u> test applies to
challenges to guilty pleas based on ineffective assistance of
counsel." A defendant may satisfy the prejudice prong by showing
"a reasonable probability that, but for counsel's errors, he would
not have pleaded guilty and would have insistend on going to trial."
<u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). A "reasonable probability"
is "a probability sufficient to undermine confidence in the outcome."
<u>Strickland</u>, 466 U.S. at 694.

  Here, if the Movant's untimelyness in filing his § 2255
motion is excused by this Honorable Court, then he would argue that
his counsel's failure to inform him that by pleading guilty he
waives the right to challenge the denial of the motion to suppress
on appeal is deficient performance from which he suffered prejudice.
As such, had the Movant been informed of the law, he would not have
plead guilty and insisted on going to trial in order to preserve
his right to challenge the denial of the motion to suppress. "For
a guilty plea to represent an informed choice so that it is
constitutionally knowing and voluntary, the [c]ounsel must be
familiar with the facts and the law in order to advise the defendant
of the options available." <u>Finch v. Vaughn</u>, 67 F.3d 909, 916 (11th
Cir. 1995). <u>Id</u>. at 916 (alteration in original; internal quotation
marks omitted). "The failure of an attorney to inform his client of
the relevant law clearly satisfies the first prong of the <u>Strickland</u>
analysis...as such an omission cannot be said to fall within the
wide range of professionally competent assistance demanded by the
Sixth Amendment." <u>Id</u> (alteration in original; internal quotation
marks omitted).

  Moreover, **the** Movant's counsel, elicited the following

testimony from a government witness which reveals there were no exigent circumstances justifying a warrantless entry into the Movant's apartment:

> Q. What in imitating a female's voice to you that makes you believe that somebody is dangerous or conducting drug activity?
>
> A. Nothing.
>
> Q. Okay, what, in that instance with imitating a female voice and looking through the peephole, makes you believe that they were-well, let me ask you this: the car was not inside the apartment. Correct?
>
> A. Correct.
>
> Q. The rims weren't inside the apartment. Correct?
>
> A. Correct.
>
> Q. So they weren't trying to destroy the rims. Correct?
>
> A. Right.
>
> Q. Okay. So what made you believe at that point you had probable cause to enter inside the apartment. Anything?
>
> A. No.
>
> Q. Okay. What made you believe that they were doing anything with any evidence that you had no probable cause to believe was actually inside the apartment?
>
> A. Well, just the delay. The -the constant delay, this ruse of a voice.
>
> Q. Again, that's not against the law. Correct?
>
> A. It's not against the law, but it's not common in my experience of knocking on people's doors, asking to speak to them, to have them respond in an imitated voice for no other reason that they just don't want to open the door to law enforcement.

Q. Okay. Right. And that's their right. Correct?

A. So they can either not open the door or open the door.
(Record on Appeal. 459-460).

As such, law enforcement had no legal authority to enter
the Movant's apartment. Given the above testimony and that "physical
entry of the home is the chief evil against which the wording of the
Fourth Amendment is directed," United States v. United States District
Court, Eastern District of Michigan, 407 U.S. 297, 313, 92 S.Ct.
2125, 2134, 32 L.Ed.2d 752 (1972), there is a reasonable probability
that had the denial of the motion to supress been preserved, the
outcome of the proceedings would have been different, because
jurist of reason can conclude that this Court erred in denying the
motion to suppress.

### C. CONCLUSION

As shown above, the Movant does have a legitimate ineffective
assistance of counsel claim that is barred from judicial assessment
because of inadequate assistance on the initial post-conviction
collateral review, just like the petitioner in Martinez. As the
Court noted in Marinez:

> A prisoner's inability to present a claim of trial
> error is of particular concern when the claim is one
> of ineffective assistance of counsel. The right to
> effective assistance of counsel at trial is a bedrock
> principle in our justice system [...]. Indeed, the
> right to counsel is the foundation for our adversary
> system. Defense counsel test the prosecution's case
> to ensure that the proceedings serve the function of
> adjudicating guilt or innocence, while protecting the
> rights of the person charged. See, e.g., Powell v.
> Alabama, 287 U.S. 45, 68-69, 53 S. Ct. 55, 77 L. Ed.
> 158 (1932)("[The defendant] requires the guiding hand
> of counsel at every step in the proceedings against
> him. Without it, though he be not guilty, he faces
> the danger of conviction because he does not know how
> to establish his innocence"). Effective trial counsel
> preserves claims to be considered on appeal. See, e.g.,

[Fed. R. Crim. P. 52(b)], and in Federal habeas
proceedings, Edwards v. Carpenter, 529 U.S. 446, 120
S.Ct. 1587, 146 L. Ed. 2d 518 (2000).

Id. at 284-85. Accordingly, this Court should adopt the rational

in Martinez and allow the Movant's § 2255 motion to proceed.

WHEREFORE, the Movant prays for the Court to reconsider

the manner in which it ajudicated judgment, in light of the above

argument, and allow him to raise his ineffective assistance of

counsel claim within his § 2255 motion.

Respectfully Submitted,

Roger Harry Olson, II, Pro Se.
Reg. No.: 49151-177
FCI-1, Oakdale. Unit A-2.
PO BOX 5000
Oakdale, LA 71463

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, under penalty of perjury, that the

forgoing Motion for Relief from a Final Judgment was deposited

in the prison legal mail system for filing with this Court on

December 4th, 2018, by U.S.P.S. first class pre-paid mail.

See 28 U.S.C. § 1746.

Executed on December 4th, 2018.

-11-

Roger Harry Olson, II
Reg. No. 49151-177
FCI Oakdale I
Federal Correctional Institution
P.O. Box 5000
Oakdale, LA 71463


4 December, 2018

```
RECEIVED

DEC 1 1 2018

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
```

Clerk of Court
U.S. District Court
Northern District of Texas
Dallas Division
1100 Commerce Street, Room 1452
Dallas, TX 75242

RE: Olson v. United States
    Civil No. 3:18-cv-1530-N-BN

Dear Clerk of Court:
Enclosed please find my "Motion For Relief From A Final Judgment" for filing
with the court.  Also enclosed is an extra front page for you to stamp and
return for my files (self addressed stamped envelope enclosed for your
convenience.)

Sincerely,


Roger Harry Olson, II
Appearing Pro Se



⇔49151-177⇔
Roger Olson II
#49151-177 Oakdale I
Federal Correctional Institution
P.O. Box 5000
Oakdale, LA 71463
United States

⇔49151-177⇔
Clerk Of The District Court
U.S. District Court
Northern District of Texas
1100 Commerce St, Rm 1452
Dallas, TX 75242
United States

SHREVEPORT LA 711
FRI 07 DEC 2018