IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROGER HARRY OLSON, II                §
(BOP Register No. 49151-177),        §
                                     §
        Movant,                      §
                                     §
V.                                   §          No. 3:18-cv-1530-N-BN
                                     §
UNITED STATES OF AMERICA,            §
                                     §
        Respondent.                  §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Roger Harry Olson, II filed a *pro se* 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. *See* Dkt. Nos. 1 & 2. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

The Court ordered Olson to show cause in writing why his motion should not be summarily dismissed as time-barred, *see* Dkt. No. 4, which he did, *see* Dkt. No. 5. The undersigned then entered findings of fact and conclusions of law recommending that the Court dismiss the Section 2255 motion with prejudice as time-barred, *see* Dkt. No. 6, which the Court accepted over Olson's objections, entering judgment dismissing this action as time-barred, *see* Dkt. Nos. 9, 10, & 11; *see also Olson v. United States*, No. 3:18-cv-1530-N-BN, 2018 WL 6048018 (N.D. Tex. Sept. 26, 2018), *rec. accepted*, 2018 WL 6042898 (N.D. Tex. Nov. 19, 2018).

Olson now moves for relief from that judgment under Federal Rule of Civil

Procedure 60(b)(6). *See* Dkt. No. 12.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, because the Rule 60(b)(6) motion is, in substance, an unauthorized successive motion under 28 U.S.C. § 2255, the Court, construing it as such, should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action. The Court should also direct the Clerk of the Court to open for statistical purposes a new Section 2255 case (nature of suit 510, directly assigned, per Special Order 3-250, to Judge Godbey and the undersigned) and to close the same on the basis of any order accepting this recommendation.

### Applicable Background, Legal Standards, and Analysis

The full background of this action, set out previously, *see generally Olson*, 2018 WL 6048018, need not be repeated here. For present purposes, Olson's Section 2255 motion included three claims: (1) that his trial counsel provided constitutionally deficient assistance by not filing substantial objections to the presentencing report; (2) that his prior convictions did not qualify him as a career offender for sentencing purposes; and (3) that there was a Fourth Amendment violation. *See generally* Dkt. Nos. 1 & 2.

Olson attempts to use his Rule 60(b)(6) motion as a vehicle to show that the untimely filing of his Section 2255 motion "should be excused as a procedural default." Dkt. No. 12 at 3 (citing *Martinez v. Ryan*, 566 U.S. 1 (2012); *Trevino v. Thaler*, 569 U.S. 413 (2013)). *Martinez* established a narrow exception to the procedural bar doctrine applicable to state prisoners seeking federal-habeas review under 28 U.S.C. § 2254, and *Trevino* found that exception applicable to Texas prisoners.

But Olson's theory is that, because the firm that he and his family hired to assist him to prepare his Section 2255 motion – American Leading Edge Research Team (or "ALERT") – incorrectly calculated the deadline to file that motion, ALERT's insufficient performance serves as a cause to excuse procedural default (i.e., untimely filing) as long as he can show a "legitimate ineffective-assistance of trial counsel claim." Dkt. No. 12 at 6 ("Clearly, the record before this Honorable Court is sufficiently developed to demonstrate that ALERT's performance in this cause was inadequate. Therefore, the question of whether the untimel[i]ness of his § 2255 my be excused turns on whether the Movant has a legitimate ineffective-assistance of trial counsel claim. It is respectfully posited that he does."); *but cf. Olson*, 2018 WL 6048018, at *3-*6 (determining that, "even if the Court were to accept – for the purpose of deciding the timeliness of the Section 2255 motion – that an attorney-client relationship existed between Olson and ALERT," ALERT's incorrect calculation of the filing deadline did not justify equitable tolling).

> "In *Martinez*, the [United States] Supreme Court held,
>
>> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.
>
> [566 U.S. at 17]. In 2013, the Supreme Court confirmed that *Martinez* applied to Texas prisoners who technically had the ability to bring their IAC claim on direct appeal of their conviction, but for all intents and purposes had to bring it in their first habeas petition.

*Crutsinger v. Stephens*, 576 F. App'x 422, 430 (5th Cir. 2014) (per curiam) (citing

*Trevino*, 569 U.S. at 428-29); *see also Adams v. Stephens*, No. 4:14-cv-395-O, 2015 WL 5459646, at *4 (N.D. Tex. Sept. 17, 2015) ("*Trevino* recognizes that no counsel or ineffective counsel at the first state collateral review proceeding can constitute 'cause' to excuse a habeas petitioner's procedural default of a claim. *Trevino* merely established an exception to the procedural default rule...." (citation omitted)).

Olson fails to explain how the *Martinez/Trevino* exception to procedural default – based on procedures unique to certain state habeas claims and the ability to have those claims reviewed by a federal court under Section 2254 – somehow can apply to a federal prisoner's Section 2255 motion. And, even if it somehow could, "*Martinez* considered whether ineffective assistance of counsel excuses procedural default – that is, the failure to raise a claim in state court prior to filing a federal § 2254 application – not whether it excuses late filing. *See [Martinez*, 566 U.S.] at 9, 17. *Martinez* does not apply to § 2244(d)'s one-year limitations period" – much less Section 2255's one-year limitations period, applicable here. *Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (order by Higginson, J.) (citing *Lombardo v. United States*, 860 F.3d 547, 557-58 (7th Cir. 2017); *Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014); *Bland v. Superintendent Greene SCI*, No. 16-3457, 2017 WL 3897066, at *1 (3d Cir. 2017)).

What is more, Olson attempts to show timeliness (or, as he puts it, excuse a procedural default) by adding a claim not made in the Section 2255 motion – that his trial counsel's assistance was constitutionally ineffective because counsel failed to inform him that, by pleading guilty, he was waiving the right to challenge any nonjurisdictional defects. *See* Dkt. No. 12 at 6-10.

Thus, the Court must also "determine whether the [Rule 60(b)(6)] motion 'should be treated as a second or successive [Section 2255 motion or whether] it should be treated as a "true" 60(b) motion.'" *Pursley v. Estep*, 287 F. App'x 651, 653 (10th Cir. 2008) (per curiam) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006)); *cf. In re Jasper*, 559 F. App'x 366, 370-71 (5th Cir. 2014) ("In order to prevent conflicts between the strict limitations in [the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")] on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise." (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005))); *Balentine v. Thaler*, 626 F.3d 842, 846-47 (5th Cir. 2010) ("A state prisoner is not entitled to use Rule 60(b) as a broad opening for a second request in the federal court to overturn his conviction. Still, a Rule 60(b) motion, filed several years after an inmate's Section 2254 application had been denied, is in some circumstances an available option." (citing *Gonzalez*, 545 U.S. at 528-29)).

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive – and thus a successive habeas petition – if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting 545 U.S. at 532; footnotes omitted).

"While the *Gonzalez* court declined to consider whether its analysis would be equally applicable to § 2255 cases," *United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013) (per curiam) (citing *Gonzalez*, 545 U.S. at 529 n.3), the Fifth Circuit "has applied the holding in *Gonzalez* to § 2255 cases," *id.* (collecting cases); *see, e.g., United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) ("[W]here a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." (citations omitted)).

A Rule 60(b) motion that "seeks to re-open the proceedings for the purpose of adding new claims ... is the definition of a successive claim. Indeed, it is extraordinarily difficult to bring a claim of procedural defect rather than a successive habeas claim." *In re Edwards*, 865 F.3d 197, 204-05 (5th Cir. 2017) (per curiam) (discussing *Coleman*, 787 F.3d at 371-72, and observing that, "in *Coleman*, we held that arguments about counsel's failure to discover and present particular arguments sounded in substance, not in procedure"); *see also Gonzalez*, 545 U.S. at 532 n.5 ("[A]n attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." (citation omitted)); *Wilborn v. United States*, 666 F. App'x 809, 810 (11th Cir. 2016) (per curiam) (determining that a "Rule 60(b) motion was a successive § 2255 motion because it sought to present a new ground for relief from a judgment of conviction," finding the assertion "that, due to ineffective assistance of post-conviction counsel, claims were not raised before the district court" "effectively asked for an opportunity to raise these new claims for relief from judgment of [movant's] conviction" (citations omitted)); *accord United States v. Lee*, 792 F.3d 1021,

1023-25 (8th Cir. 2015); *United States v. Ainsworth*, 631 F. App'x 626, 628 (10th Cir. 2015) (per curiam).

Therefore, as Olson seeks to assert a new Sixth Amendment claim, the assertion of a new claim in a Rule 60(b) motion is a successive Section 2255 motion in disguise. And Olson's failure to obtain authorization from the Fifth Circuit under Section 2244(b)(3) before filing such a motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over [it] until [the Fifth Circuit grants Olson] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

> it is appropriate for the Court to dismiss the successive § 2255 motion without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer the successive motion to the Fifth Circuit for a determination of whether [Olson] should be allowed to file the successive motion in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003).

And, because this is, in substance, Olson's first successive motion, the Court should transfer it to the Fifth Circuit for appropriate action.

## Recommendation

Because Movant Roger Harry Olson, II's Federal Rule of Civil Procedure 60(b)(6) motion [Dkt. No. 12] is, in substance, an unauthorized successive motion under 28 U.S.C. § 2255, the Court, construing it as such, should transfer it to the United States

Court of Appeals for the Fifth Circuit for appropriate action, and the Court should direct the Clerk of the Court to open for statistical purposes a new Section 2255 case (nature of suit 510, directly assigned, per Special Order 3-250, to United States District Judge David C. Godbey and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 12, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE