IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 19-10196
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
January 10, 2020
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

          Plaintiff–Appellee,

v.

ROGER HARRY OLSON, II,

          Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1530

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

    Roger Harry Olson, II, federal prisoner # 49151-177, filed a notice of appeal from the final judgment dismissing his 28 U.S.C. § 2255 motion as time-barred and from the order transferring his Federal Rule of Criminal Procedure 59(e) motion to this court as an unauthorized successive § 2255 motion. He now moves for leave to proceed in forma pauperis (IFP) in his appeal of the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's final judgment and the transfer order. The district court denied Olson's IFP motion.

In his brief, Olson argues only the merits of his claim for equitable tolling. Although pro se filings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), an appellant's failure to identify any error in the district court's legal analysis is "the same as if he had not appealed that judgment." *Coleman v. Lincoln Parish Det. Ctr.*, 858 F.3d 307, 309 n.9 (quoting *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)). Because Olson has not identified any error in the district court's transfer order, we "deem that challenge to have been abandoned." *Hernandez v. Thaler*, 630 F.3d 420, 426 n.24 (5th Cir. 2011).

Olson's notice of appeal from the final judgment was filed after the 60-day prescriptive period for filing it expired. *See* 28 U.S.C. § 2107(b); FED. R. APP. P. 4(A)(1)(B)(i). Because Olson does not challenge the district court's determination that his Rule 59(e) motion constituted an unauthorized successive § 2255 motion, the motion did not toll the time for filing an appeal of the final judgment, and his notice of appeal from the final judgment is untimely. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Accordingly, we lack jurisdiction as to the order denying § 2255 relief. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 16-17 (2017); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992); *United States v. McDaniels*, 907 F.3d 366, 369 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2705 (2019); § 2107(b).

Because Olson abandoned the only issue that he could raise on appeal, he has failed to show that this appeal involves legal points arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Olson's motion to proceed IFP is DENIED, and this appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

## *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

March 03, 2020

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242

    No. 19-10196   USA v. Roger Olson, II
                          USDC No. 3:18-CV-1530

Dear Ms. Mitchell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                    Sincerely,

                                      LYLE W. CAYCE, Clerk

                                      By: _____
                                      Casey A. Sullivan, Deputy Clerk
                                      504-310-7642

cc w/encl:
    Mr. Roger Harry Olson II
    Ms. Leigha Amy Simonton